Tilghman C. J.
This cause appears to have been brought. before the Court of Quarter Sessions of Luzerne county, on a case stated, by consent. It could not have been decided by that Court, any otherwise than by consent, as the justices of the peace, whose decision was appealed from, were not of Luzerne but of Susquehanna county. I do not know, that under such circumstances, this,Court' is bound to interfere; the proceedings bélow having been out of the regular course, and altogether, a matter of consent. However, as it may tend to prevent future legislation and expense, we will give an opinion on the case stated. It appears then, that Gibson township was formerly a_part of Clifford township ; and while it was a part, a dispute took place between Clifford and Nicholson townships, respecting the settlement of Samuel Halstead., a pauper, who had been removed by the order of two justices, from Clifford to Nicholson. Nicholson appealed to the Court of Quarter Sessions of Luzerne county, (in which both townships were at that time comprehended,) and after a hearing-on the merits, the oi'der of the justices was reversed, and the pauper sent back to Clifford. The rule of law is, that when an order of justices is reversed, it is conclusive on those *424 townships, which were parties to the suit; but not on any' other township. The overseers of Gibson contend, that they are not concluded, because they were not a party. It is true they were not a party, because they were not in existence as a body corporate : but that whole district which now makes the township of Gibson, was included in Clifford, and therefore the case falls within the principle by which the parties to the controversy are concluded. The subdivision of townships by which several townships are made out of one is very frequent, and if upon every subdivision a contest concerning the settlement of a pauper which had been completely at rest should be revived, it would be productive of much expense and litigation ; and it is against reason, because the rights of all the inhabitants of the new township were under the protection of the overseers of the old township, at the time when the cause was decided: so that in truth they were a party. I am, therefore, of opinion, that the justices of Susquehanna county, who refused to make an order for the removal of Samuel Halstead from Gibson to Nicholson township, were right. Several other points were made in the argument in this cause, concerning which I give no opinion. It is unnecessary, because the point on which I have given my opinion is decisive.
Ye ates J.
The justices of the peace acted correctly,in refusing to give the order of removal of Samuel Halstead, applied for by the owners of Gibson township.- The opinion of the Court of Quarter Sessions was also correct upon the facts agreed upon and stated by the counsel on both sides.
I have no hesitation in declaring, that the legal settlement of the pauper was in Gibson township. He was a bastard, and born an idiot in that part of Nicholson township now called Gibson, where his mother also resided. He also resided in Gibson when it was struck off from Clifford. But that question is not now open for litigation. The overseers of the poor of Clifford obtained an order of removal, from two justices, of Halstead to Nicholson township, which was duly appealed from. Upon a hearing on the merits, the Sessions of Luzerne countytfuashed the order, and directed the overseers of. Clifford to refund to Nicholson the sums expended for the maintenance of the pauper, under the order of removal. This sentence was conclusive upon Clifford\ *425 and of course bound Gibson, which then formed an integral part of it. It is not competent to the inhabitants of any portion of the lands comprehended within the former boundaries of Clifford township, now to contest the legality of that decision.
The appeal to the Sessions of Susquehanna county, from the refusal of the two justices of the peace to grant the order of removal, was incorrect. The act for the relief of the poor passed 9th March, 1771, which was made perpetual by the law of 25th March, 1782, does not authorise it. The 23d section of the act of 1771, gives an appeal to persons thinking themselves aggrieved by an order of removal of two justices' or magistrates: and it will be found that the provisions in the 28th section, are restricted to the cases enumerated in the preceding section, of persons coming from the city of Philadelphia into some township or place, or from one township to another township, and there becoming chargeable. The provisions in the 23d section render this more clear, where the exception contained therein is. duly attended to. Justices out of Sessions, when refusing to act, can with no propriety be said to have given a judgment by which others are aggrieved : and the words in the 28th section, “ aggrieved by any “sentence of such justices, or by their refusal to make any “ order,” are evidently modified by the expressions as is aforesaid. And such, I have strong reason to believe, was the uniform construction of the law since it passed in 1771.
The counsel for Gibson township have entered this suit as an appeal from the judgment of Charles Dimon and Joel Tyler, esqs., two justices of the peace of Susquehanna county. In that point of view it cannot be supported ; but the error was their own. But it may be considered from the record as a case stated by the counsel for the opinion of the Sessions of Susquehanna county, and agreed to be argued before the Court in the county of Luzerne. In this light, I think the Sessions did right in approving of what the two justices had done : and that costs were properly assessed against Gibson township, under the 24th section of the law for preventing-vexatious appeals.
- I am of opinion, that the judgment of the Sessions bp affirmed.
Judgment affirmed.